**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose PANIAGUA, Defendant—**
**Appellant.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

**United States of America,**
**Plaintiff—Appellee,**

v.

**Abraham Del Real, Defendant—**
**Appellant.**

NoS. 03–50326, 03–50338.

United States Court of Appeals, Ninth Circuit.

Submitted on briefs May 2, 2005.*

Decided June 23, 2005.

Fed. R.App. P. 34(a)(2).

Hanley Chew, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Christopher Johns, Johns & Allyn A Professional Corporation, San Rafael, CA, for Defendant—Appellant Jose Paniagua.

Verna J. Wefald, Esq., Bensinger, Grayson & Ritt, Pasadena, CA, for Defendant—Appellant Abraham Del Real.

---

Before: LEAVY, FISHER, and BYBEE, Circuit Judges.

MEMORANDUM **

Jose Paniagua and Abraham Del Real were tried before a jury and were each convicted of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, attempted possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), conspiracy to possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 371, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Paniagua appeals his sentence. Del Real appeals his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Del Real's conviction. We remand both sentences for further consideration.

A. *Paniagua's Sentence: Denial of Downward Adjustment for Minor Role*

Paniagua argues that he was entitled to a downward adjustment under U.S.S.G. § 3B1.2(b) for his minor role in the drug conspiracy. The district court found that Paniagua supplied transportation for two other co-participants to the buy location, cash for the purchase of methamphetamine, and weapons for himself and Del Real. Consequently, the court found that Paniagua played an active, integral role in the conspiracy and was not entitled to a § 3B1.2(b) adjustment. These findings are not clearly erroneous. *See* U.S.S.G. § 3B1.2(b); *United States v. Benitez*, 34 F.3d 1489, 1498 (9th Cir.1994).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**B.** *Del Real's Conviction: Sufficiency of the Evidence*

Del Real argues that his convictions on all counts must be reversed because there was insufficient evidence that he was involved in drug trafficking. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have concluded beyond a reasonable doubt that Del Real was not merely present, but rather knowingly associated himself with the drug crimes. Thus, sufficient evidence supported Del Real's convictions. *See United States v. Herrera–Gonzalez*, 263 F.3d 1092, 1095–96 (9th Cir. 2001).

**C.** *Resentencing*

The Sentencing Guidelines are no longer binding. Further, because of the district judge's comments that "frankly, if it were up to me, [I] would not impose a sentence this stringent" (as to Paniagua's sentence), and that Del Real's required sentence was also inappropriately severe, we are able to determine conclusively that "the district court would have imposed a different sentence under a discretionary regime." *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). Therefore, we vacate and remand for resentencing.

Del Real's conviction is AFFIRMED.

The sentences are VACATED AND REMANDED.